## BRUCE v. SHARP, Sheriff.

No. 2365.    Decided September 30, 1912 (127 Pac. 343).

GAMING—STATUTES—CONSTRUCTION—FELONY—SEIZURE. Laws 1911, chap. 134, amending Comp. Laws 1907, sec. 4261, provides that a person who runs a gambling game shall be guilty of a felony, and requiring all sheriffs, etc., on learning that any person has in his possession specified gambling devices, to seize them, and requiring the judge to inquire, and, if he determines that the same are used or kept for use at any game or game of chance described in this act, to destroy them. *Held*, that it is not necessary that the property of a person charged with and prosecuted for gambling should be seized, but the offense of gambling within the statute may be shown, and the statute enforced wholly independent of the seizure of the property or the constitutionality of that portion of the statute.

APPEAL from District Court, Third District; *Hon. F. C. Loofbourow,* Judge.

Petition by George Bruce for *habeas corpus* against Joseph C. Sharp as sheriff of Salt Lake County.

Judgment denying the writ. Petitioner appeals.

AFFIRMED.

*Willard Hanson* for appellant.

*I. E. Willey,* County Attorney, for respondent.

STRAUP, J.

We have a statute (chapter 134, Laws Utah, 1911, amending Comp. Laws 1907, section 4261) that:

"Every person who deals, or carries on, opens or causes to be opened, or who conducts, either as owner or employee, whether for hire or not, any game of faro, monte, roulette, lansequent, rouge et noir, rondo, or any game played with cards, dice, or any other device, for money, checks, credit or any other representative of value shall be deemed guilty of a felony, and it shall be the duty of all sheriffs, constables, police and other peace officers whenever it shall come to the knowledge of such officer that any person has in his possession any cards, tables, checks, balls, wheels, slot machines or gambling devices of any nature or kind whatsoever used or kept for the purpose of playing for money or for tokens redeemable in money at any of the games mentioned in this act, or that any cards, tables, checks, balls, wheels, slot machines or gambling devices used or kept for the purposes aforesaid may be found in any place, to seize and take such cards, tables, checks, balls, wheels, slot machines or other gambling devices, and convey the same before a magistrate of the county in which said devices shall be found; and it shall be the duty of such judge to inquire of such witnesses as he shall summons or as may appear before him in that behalf, touching the nature of such gambling devices, and if such judge shall determine that the same are used or kept for the purpose of being used at any game or games of chance described in this act, it shall be his duty to destroy the same."

A verified complaint was filed before a committing magistrat, in which it was alleged that the appellant at a time and place specified did willfully, etc., "deal, carry on, open, conduct and cause to be opened and conducted as owner a certain game commonly known by the name of 'poker,' said game being then and there played with cards for money and other representatives of value commonly called chips redeemable in money, contrary to the provisions of the statute," etc. Upon the issuance and service of a warrant the appellant was brought before the magistrate, admitted to bail, and remanded

to the sheriff until the undertaking was given, or until the further order of the court. Thereupon the appellant presented a petition to the district court for a writ of *habeas corpus* seeking his discharge upon the alleged ground of the invalidity of the statute, especially that portion of it relating to the seizure and destruction of property used or kept for gambling purposes. Upon a hearing the district court denied the writ. From that judgment this appeal is taken.

As already shown, the appellant, in the complaint before the magistrate, was charged with carrying on and conducting a gambling game with cards for money. None of his property was seized or destroyed, nor, so far as made to appear, was there any attempt or threat made to do so. Appellant, however, here, as in the court below, urges that the portion of the statute relating to the seizure and destruction of property used or kept for gambling purposes is void, and that such portion invalidates the whole, for, as contended, the part under which the appellant is being prosecuted is conditioned and depends upon the part alleged to be unconstitutional, that the legislature would not have enacted the one without the other, and that the one was induced by the other. It is not necessary to now determine whether the portion of the statute referred to is valid or invalid, for no attempt is made to proceed against the appellant or his property under that portion of the statute, and because of the conclusion reached that the portion of the statute under which the appellant is proceeded against, and the alleged unconstitutional portion are distinct and separable, the former not conditioned or dependent upon the latter and capable of being executed in accordance with the apparent legislative intent wholly independent of the latter. (*Newman v. People,* 23 Colo. 300, 47 Pac. 278; *C., B. & Q. R. R. Co. v. Jones,* 149 Ill. 361, 37 N. E. 247, 24 L. R. A. 141, 41 Am. St. Rep. 278; 1 Lewis' Suth. Stat. Con. (2d Ed.), section 296; Cooley's Const. Lim. (7 Ed.) 246.)

It is unreasonable to believe that the legislature intended that no one could be charged with and prosecuted for gambling, unless his property used or kept for that purpose was

also seized and destroyed. From a reading of the statute it is manifest that one may be so charged and prosecuted without seizing or destroying property used or kept by him for gambling. The main object of the statute is not the seizure and destruction of gambling devices, but to denounce and forbid gambling and to fix penalties. The statute provides that anyone guilty of gambling within the meaning of the statute is guilty of a felony. The seizure and destruction of gambling devices are in no sense essentials of the offense of gambling. The latter may be shown and the statute with respect to it enforced wholly independent of the seizure or destruction of property used or kept for gambling.

We think the judgment of the court below ought to be affirmed. It is so ordered.

FRICK, C. J., and McCARTY, J., concur.